382 So.2d 921 (1980)
STATE of Louisiana
v.
John Ralph ORTEGO.
No. 65721.
Supreme Court of Louisiana.
April 7, 1980.
*922 Fredric G. Hayes, Fredric Hayes, Inc., Lafayette, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. William Pucheu, Dist. Atty., A. Bruce Rozas, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.[*]
Defendant John Ralph Ortego was initially charged by bill of information with aggravated battery, two counts of armed robbery, aggravated criminal damage, attempted first degree murder, two counts of simple kidnapping and possession of a firearm by a felon. Defendant was tried for only three of the eight counts: two counts of armed robbery and one count of possession of a firearm by a person convicted of a felony. Following trial on these three counts he was found guilty as charged. He was sentenced to twenty years at hard labor on each of the two armed robbery charges, the sentences to run consecutively. He was also sentenced to five years for the possession of a firearm charge to run concurrently with the other two sentences. On this appeal of his convictions and sentences, defendant relies on twenty-five assignments of error. Only the assignments which relate to the excessiveness of defendant's two consecutive twenty year sentences for armed robbery present a serious issue and will be discussed in this published opinion. The remaining assignments which are governed by well-settled principles of law and which present facts of interest only to the parties will be discussed in an appendix not to be published with this opinion.
At trial the state adduced the following evidence. Defendant and another man called "Bozo" went to a cabin in Lakeside Park in Evangeline Parish where the two victims were staying. Bozo knocked on the cabin door and was admitted. Defendant also entered the cabin and beat the male victim, one Joe Brasseaux, with a pistol. Defendant told Bozo to "take everything." Bozo took money from the female victim's purse and took a wallet and jewelry from the male victim while defendant held a pistol. Defendant then put the gun to the *923 female victim's head and told her to go with him or it would be her life. The female victim and her sister (who was also staying at the cabin but from whom nothing was stolen) went with defendant and Bozo at gunpoint. Both were later released unharmed.
In related assignments defendant contends that the two consecutive twenty year sentences are excessive and that the trial court erred in failing to comply with La.Code.Cr.Pro. art. 894.1(C) which requires the trial court to "state for the record the considerations taken into account and the factual basis therefor in imposing sentence." Defendant argues that the imposition of consecutive rather than concurrent sentences for crimes arising out of one course of conduct requires particular justification by the trial court.
Under Article 883 of the Code of Criminal Procedure, the sentencing judge has the authority when a defendant is convicted of two or more offenses based on the same act or transaction or constituting parts of a common scheme or plan to impose either concurrent or consecutive sentences. Article 883 provides as follows:
"If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently."
Although the trial court has this discretion statutorily there is a constitutional limitation that sentences, whether consecutive or concurrent, not be excessive.[1] In determining whether sentences are excessive we should consider, among other factors, whether convictions arise out of a single course of criminal conduct. The general preference for concurrent rather than consecutive sentences was recognized by this Court in State v. Underwood, 353 So.2d 1013, 1019 (La.1977) in which we observed that "[b]ased on the American theory and practice, concurrent rather than consecutive sentences are the usual rule, at least for a defendant without previous criminal record and in the absence of a showing that the public safety requires a longer sentence."
This Court, however, has never held that if convictions arise out of a single course of illegal conduct, consecutive sentences will necessarily be found to be excessive. Other factors must be considered. In this case it appears that defendant is not a first offender. And the maximum sentence for one count of armed robbery irrespective of whether he has been multiple billed is ninety-nine years; for two counts, 198 years. In this light the imposition of two twenty-year consecutive sentences for two armed robberies is not necessarily excessive. However, because the trial court failed to state its reasons for the imposition of the instant sentences, we are not able to review this argument fully to determine whether the imposition of these two consecutive twenty-year sentences is excessive.
The statutory guidelines provided by Article 894.1 of the Code of Criminal Procedure furnish criteria by which this Court can measure whether a sentence within the statutory limits is nevertheless excessive either by reason of its length or its nature. State v. Cox, 369 So.2d 118 (La.1979). Therefore when a trial judge fails to state for the record the considerations and the basis for the imposition of the sentence in accordance with Article 894.1(C) this Court will ordinarily set aside the sentence *924 and remand the case for resentencing in accordance with the mandatory requirements of law. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Jackson, 360 So.2d 842 (La.1978). And while we do not on the face of the record before us find that the imposition of the two consecutive twenty-year sentences for two counts of armed robbery arising out of a single incident is necessarily excessive, we must re-remand for the trial court's resentencing and articulation under Article 894.1.
All of defendant's remaining assignments are without merit.

Decree
Accordingly, defendant's convictions are affirmed but the sentences imposed are vacated and set aside and the case is remanded to the district court with instruction to the trial judge to resentence defendant in accordance with Article 894.1.
CONVICTIONS AFFIRMED; SENTENCES VACATED; CASE REMANDED FOR RESENTENCING.
WATSON, J., concurs and assigns reasons.
de la HOUSSAYE, J. pro tem., concurs in the result.
WATSON, Justice, concurring:
I concur in the remand of this case for resentencing and articulation of reasons for the sentence under LSA-C.Cr.P. art. 894.1, because I believe the defendant is entitled to an articulation under the law, but I emphasize that under the facts and circumstances of this case, the sentence imposed does not appear excessive, and by concurring in the remand I do not in any way mean to imply that I consider the sentence excessive.
NOTES
[*] Honorable Edward A. de la Houssaye III participated in this decision as an Associate Justice pro tempore.
[1] Article I, § 20 of the Louisiana Constitution of 1974 prohibits the imposition of cruel, excessive or unusual punishment:

"No law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment. Full rights of citizenship shall be restored upon termination of state and federal supervision following conviction for any offense."