HALL, Judge.
The defendant, Jimmy Coleman, was charged by an amended bill of information with eight counts of forgery in violation of LSA-R.S. 14:72; additionally, the defendant was charged by an amended bill of information with the offense of felony *1070 theft in violation of LSA-R.S. 14:67. The defendant plead guilty to one count of forgery and the state then dismissed the remaining seven counts of forgery and the charge of felony theft. The trial court sentenced the defendant to serve two years at hard labor. The defendant now appeals, contending that the sentence imposed is unconstitutionally excessive and that the trial court failed to articulate the basis for the sentence imposed as required by LSA-C.Cr.P. Art. 894.1. We find that the record supports the sentence imposed and affirm.
The defendant plead guilty to count seven of the bill of information. Relative to count seven, the defendant on September 24, 1981 obtained a check drawn on the bank account of the Drake Company of Shreveport and made the check payable in the amount of $300.00 to David Leshay. Leshay cashed the check for the defendant at Louisiana Bank and Trust Company. Leshay was subsequently arrested and Leshay confessed to the crime implicating the defendant. A fingerprint of the defendant was found on the cashed check.
According to the presentence investigation, ten persons were arrested for the forgeries and nine of the suspects gave recorded statements to Shreveport Police attesting that they had received Drake Company checks from the defendant, a former employee of the company. Each of the suspects stated that the checks were prepared by the defendant and given to them ready to be cashed with the agreement that they would split the cash with the defendant. The defendant would never cash any of the checks himself; however, he would accompany the named payees to cash the checks. The Drake Company reported a total loss from the forged checks of $7,791.32.
The record reflects that the defendant had been hospitalized for sometime prior to sentencing. At the sentencing hearing, defense counsel informed the court that the defendant had assumed a new job at Pickett Food Service. Defense counsel also pointed out that since the defendant has been out of jail he has not been involved in any other criminal activity. In sentencing the defendant, the court stated:
THE COURT: ... The charge before the court is forgery. The defendant was a principal in a serious, along with some ten other people — he was a principal in a serious forgery scheme. The court has examined into the defendant’s background, into his involvement in this offense and is of the opinion that he should be sentenced at this time now that he is physically able and it is a serious crime which he committed.
In light of that, it is the sentence of this court that he serve two years at hard labor. He will be given credit for time served against that sentence for any time he may have been incarcerated pending the proceedings.
A sentence is unconstitutionally excessive in violation of Art. 1 § 20 of the Louisiana Constitution of 1974 if the sentence is grossly out of proportion to the severity of the offense, or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). The sentencing guidelines of LSA-C.Cr.P. Art. 894.1 provide a helpful criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983). Appellate review of a sentence is well settled and has been set forth in State v. Robicheaux, 412 So.2d 1313 (La.1982), as follows:
Trial judges are granted great discretion in imposing sentences, but even sentences within statutory limits may be excessive under certain circumstances. State v. Jones, 398 So.2d 1049 (La.1981); State v. Spencer, 374 So.2d 1195 (La.1979). Sentences must be individualized to be compatible with the offenders as well as the offenses. In deciding whether to confine a defendant or grant probation, the judge must consider certain factors enumerated in La.C.Cr.P. Art. 894.1(A)(B). State v. Jones, supra. This article entitles the defendant to such an *1071 articulation and represents a legislative intent to guide the trial judge in thoughtfully imposing an appropriate sentence under the facts and circumstances of the particular case. Also this serves as an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive. State v. Ramos, 390 So.2d 1262 (La.1980). When the trial judge fails to state any reasons for the sentence a remand may be necessary. State v. Ortego, 382 So.2d 921 (La.1980).
This court has indicated, however, that a remand for more complete compliance with Art. 894.1 is not necessary when the sentence imposed is not apparently severe. State v. Russell, 397 So.2d 1319 (La.1981), or where the record otherwise clearly illumines the sentencing choice, State v. Martin, 400 So.2d 1063 (La.1981) (on rehearing). However, when the trial court does not articulate the reasons for imposing a particular sentence and there is no other evidence of record to illumine the sentencing choice, a sentence within the lower range of sentences available to the trial court may appear to be arbitrary or excessive. State v. Williams, 397 So.2d 1287 (La.1981); State v. Ortego, supra.
The record of the sentencing hearing in the present case indicates that the trial court failed to adequately articulate his reasons for the sentence imposed under LSA-C.Cr.P. Art. 894.1. Therefore, we must determine whether the record supports the sentence imposed and the sentencing choice under the guidelines of Art. 894.1.
Under LSA-R.S. 14:72, whoever commits the crime of forgery shall be fined not more than $5,000.00, or imprisoned, with or without hard labor, for not more than ten years, or both. The trial court sentenced the defendant to serve two years at hard labor. The record before us reflects that the defendant is a twenty-eight year old man who lives with his parents in Shreveport. The defendant is separated from his wife and has four children ranging from age three to ten. The defendant received his high school diploma from Pair Park High School in Shreveport. The PSI reflects that the defendant was employed by Hoeflinger Enterprises as a laborer. However, defense counsel informed the court that at the time of sentencing the defendant was employed by Pickett Food Services.
The defendant’s prior criminal record shows an insignificant history of prior delinquency or criminal activity. The defendant was arrested in 1980 for felony theft; however, no disposition is indicated for that arrest. Also in 1980, the defendant had a misdemeanor conviction for nonsupport of his children. The PSI indicates that an investigation of the local support enforcement office indicated that the defendant has made no attempt to pay child support and that they are presently planning to rule the defendant back into court for this offense.
Since the present offense is the defendant’s first felony conviction, the defendant is entitled to consideration for a suspended sentence or probation. LSA-C. Cr.P. Art. 893. Based upon the record before us, there does not appear to be an undue risk that during the period of a suspended sentence or probation that the defendant would commit another crime.
In view of the defendant’s continued failure to pay support for his children, it does not appear that a period of imprisonment of the defendant would entail any more hardship to his dependents than is already occurring. There is no indication that the defendant has compensated or will compensate the Drake company for their losses from the forged checks. The PSI reflects that the defendant appeared to have no remorse for his criminal activity and it was the defendant’s opinion at the time of the interview that he would only receive probation due to his lack of a sub *1072 stantial prior criminal record. In view of the defendant’s lack of remorse, it appears that the defendant is in need of correctional treatment by confinement in an institution.
The most significant factor supporting the sentence imposed by the trial court is the seriousness of the defendant’s crime. While the defendant’s criminal conduct neither caused nor threatened serious physical harm, the defendant’s criminal conduct did cause a substantial financial loss to the Drake Company. The defendant’s conduct did not occur under strong provocation nor was his conduct induced by the victim. On the contrary, the defendant was the principle actor in the forgery scheme in which he induced at least ten others to participate with him. The defendant’s criminal conduct occurred over an extended period of time indicating that the defendant should certainly have contemplated that his criminal conduct would cause a substantial financial loss to the Drake Company. Therefore, there are no substantial grounds tending to excuse or justify the defendant’s criminal conduct. In view of the seriousness of the defendant’s crime, a lesser sentence than that imposed by the trial court would deprecate the serious nature of the crime.
Defendant received substantial benefit from the plea bargain agreement pursuant to which seven of the eight counts of forgery were dismissed, greatly reducing his sentencing exposure. Also, the two year sentence out of a maximum of ten years is not apparently severe.
A review of the sentencing guidelines of Art. 894.1 reflects that the record does support the sentence imposed. In view of the seriousness of the criminal conduct over an extended period of time the sentence imposed is not grossly out of proportion to the severity of the offense nor is it a needless and purposeless imposition of pain and suffering. Finding that the record supports the sentencing choice, the defendant’s sentence is affirmed.
AFFIRMED.