628 So.2d 1333 (1993)
STATE of Louisiana, Appellee,
v.
Bobby Ray PICKETT, Appellant.
No. 25315-KA.
Court of Appeal of Louisiana, Second Circuit.
December 10, 1993.
Opinion on Rehearing January 13, 1994.
*1335 Indigent Defender Office by John M. Lawrence, Shreveport, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Rebecca Bush and Tommy J. Johnson, Asst. Dist. Attys., Shreveport, for appellee.
Before SEXTON, BROWN and STEWART, JJ.
SEXTON, Judge.
On August 31, 1992, a jury convicted appellant, Bobby Ray Pickett, of manslaughter and attempted manslaughter. The trial court sentenced him to 15 years at hard labor for the manslaughter conviction and 10 years at hard labor for the attempted manslaughter conviction. The trial judge ordered these sentences to run consecutively, the first five years of each sentence to be served without benefit of parole, probation, or suspension of sentence. On appeal, appellant asserts he received an excessive sentence. For the reasons set forth herein, the sentence is affirmed.
On Thanksgiving Day, 1991, appellant entered the home of his estranged wife and shot her in the back of the neck. She died several days later without regaining consciousness. The record reflects conflicting testimony concerning an argument over the victim's house keys that may have ensued immediately prior to the shooting. The victim's two children were either inside the house or close by in the yard at the time of the shooting. The victim's two adult sisters and their small children were also nearby in the driveway adjacent to the home. After hearing the gunshot, one sister entered the home and was shot in the hand by the appellant. The victim's sister testified that appellant pointed the gun in her face and, as she swatted the gun away, appellant shot her in the hand. Appellant fled the home, but was apprehended by the Shreveport Police a few hours later. Originally charged with second degree murder and attempted second degree murder, he was convicted of the manslaughter of his estranged wife and the attempted manslaughter of her sister.
The presentence investigation determined that sentencing grid cell 1E was the appropriate one for the instant manslaughter conviction. Grid cell 1E provides a sentencing range of 96-126 months (8 to 10½ years) imprisonment. The pre-sentence investigation also determined sentencing grid cell 2E was the appropriate grid for the attempted manslaughter conviction. Grid cell 2E provides for 72-84 months (6 to 7 years).
After consideration of the presentence investigation report, the La.S.G. § 209(B), and aggravating and mitigating circumstances, the trial judge departed upward from the guidelines and sentenced appellant to 15 years at hard labor for the manslaughter conviction and 10 years at hard labor for the attempted manslaughter conviction. The sentences were assessed consecutively and the first five years of each were to run without benefit of parole, probation, or suspension of sentence.
Defendant asserts that the trial court did not give sufficient weight to the fact that while he was incarcerated at the Caddo Detention Center, he successfully completed *1336 programs in "non-violent conflict resolution" and a 16-week program of chemical dependency education and training. Appellant contends that the sentences are an unjustified upward departure from a typical case. He also asserts that the requirement that each sentence be served consecutively without eligibility for parole for five years will require the defendant to serve at least 20 years before he is eligible for parole. Because we consider the question regarding the defendant's eligibility of parole conjectural, we will consider only whether there were sufficient aggravating circumstances to justify the trial court's upward departure from the Louisiana Sentencing Guidelines.
Upward departures from the designated sentence range of the guideline grid should be made when one or more aggravating circumstances significantly differentiates the particular case from the "typical" case under the same conviction. La.S.G. § 209(A)3. Section 209(B) defines and lists aggravating circumstances. "If the trial court finds one or more aggravating circumstances, then the grid range for the `typical case' is inapplicable and the trial court must exercise its reasoned discretion in determining the appropriate sentence." State v. Strother, 606 So.2d 891, 894 (La.App. 2d Cir. 1992), writ denied, 612 So.2d 55 (La.1993); State v. Norrell, 614 So.2d 755 (La.App. 2d Cir.1993).
The trial judge listed five aggravating factors he considered in determining the sentence. Appellant knowingly created a risk of death or great bodily harm to more than one person by indiscriminately firing a handgun in an area where there were three adults and four children. The offense resulted in a significant economic loss to the children of the victim since she was the sole breadwinner for the family. Appellant used a dangerous weapon in the commission of the offense. Finally, the trial court noted appellant's lack of remorse for the death of his wife.
If a judge departs from the designated sentencing range, the guidelines do not specify the sentence to be imposed, but they require that the sentence be proportional to the seriousness of the offense and the offender's criminal history. La.S.G. § 209(A)(4)(a). In other words, if a departure from the guidelines is justified, the judge is free to pronounce a sentence commensurate to the circumstances of the case without consideration of the proportionality of the sentence to the guidelines grid. State v. Brown, 616 So.2d 792 (La.App. 2d Cir.1993); State v. Lowery, 609 So.2d 1125 (La.App. 2d Cir. 1992). "A sentence shall not be declared unlawful or excessive solely because the sentencing court imposes a sentence that does not conform with the designated sentence range in the guidelines grid." State v. Strother, supra at 894.
In the present case, two small children lost their mother. One victim was killed, another permanently disabled, and at least one other adult and four children were placed in grave danger of loss of life or serious bodily injury. These aggravating circumstances required the trial judge to depart from the Louisiana Sentencing Guidelines. Additionally, we observe that in addition to the potential physical danger to the children, they were subjected to being virtual witnesses to the death of their mother. A sentence of 15 years at hard labor, the first 5 to be served without benefit of probation, parole, or suspension of sentence, is not an abuse of discretion.
The trial judge sentenced appellant to 10 years at hard labor, the first 5 to be served without benefit of probation, parole, or suspension of sentence, for the attempted manslaughter of his estranged wife's sister. The trial court listed four aggravating factors surrounding the attempted manslaughter conviction. Appellant shot two people and created a risk of death or great bodily harm to at least five others. He used a dangerous weapon in the commission of the offense and the offense resulted in significant permanent injury. The victim had previously lost the use of her right arm and hand to cancer, and after receiving the gunshot to her left hand, *1337 it too was permanently disabled. The victim's index finger and thumb on her left hand are totally disabled as a result of the attack on her. Appellant showed no remorse for the damage that he had done to the victim even though he caused her a grievous irreparable injury. The trial court did not abuse its discretion in departing upward from the Louisiana Sentencing Guidelines and sentencing appellant to ten years at hard labor, the first five to be served without benefit of probation, parole, or suspension of sentence.
Appellant asserts the trial court's decision to run the sentences consecutively resulted in an excessive sentence. The Louisiana Sentencing Guidelines continue the statutory suggestion that concurrent sentences "should" be imposed if two or more criminal acts constitute parts of a common scheme. La.S.G. § 215(A)2 and LSA-C.Cr.P. Art. 883. "While the word `should' is not mandatory, the guidelines clearly suggest that a trial court specifically consider the several aggravating factors which may warrant imposition of consecutive sentences." State v. Strother, supra at 894; State v. Norrell, 614 So.2d 755 (La.App. 2d Cir.1993). The guidelines effectively follow the existing sentencing jurisprudence. State v. Stamper, 615 So.2d 1359 (La.App. 2d Cir.1993); State v. Strother, supra. Concurrent sentences arising out of a single course of conduct are not mandatory, State v. Nelson, 467 So.2d 1159 (La.App. 2d Cir.1985), and consecutive sentences under those circumstances are not necessarily excessive. State v. Ortego, 382 So.2d 921 (La.1980), cert. denied, 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58 (1980); State v. Williams, 445 So.2d 1171 (La.1984); State v. Mills, 505 So.2d 933 (La.App. 2d Cir.1987), writ denied, 508 So.2d 65 (La. 1987).
It is within the trial court's discretion to order sentences to run consecutively rather than concurrently. State v. Derry, 516 So.2d 1284 (La.App. 2d Cir.1987), writ denied, 521 So.2d 1168 (La.1988). The factors to be considered are the defendant's criminal history, State v. Ortego, supra, and State v. Jacobs, 493 So.2d 766 (La.App. 2d Cir.1986); the gravity or dangerousness of the offense, State v. Adams, 493 So.2d 835 (La.App. 2d Cir.1986), writ denied, 496 So.2d 355 (La. 1986); the viciousness of the crime, State v. Clark, 499 So.2d 332 (La.App. 4th Cir.1986); the harm done to the victims, State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ denied, 435 So.2d 433 (La.1983); and whether the defendant constitutes an unusual risk of danger to the public, State v. Jett, 419 So.2d 844 (La.1982).
It is hard to imagine a more persuasive argument for consecutive sentences than the one currently placed before this court. Appellant has eight prior misdemeanor convictions. He placed one adult and four children, excluding the victims, at risk of death or serious bodily injury. One victim is dead. Another lost the use of her thumb and forefinger on her only viable hand, and two small children no longer have a mother. The trial court did not abuse its discretion by choosing to impose consecutive sentences rather than concurrent sentences.
Finally, appellant alleges his 25-year sentence for one count of manslaughter and one count of attempted manslaughter is constitutionally excessive. Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1 § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir. 1989). A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Madison, 535 So.2d 1024 (La.App. 2d *1338 Cir.1988). The maximum statutory penalty for manslaughter is 40 years at hard labor without benefit of parole, probation, or suspension of sentence, LSA-R.S. 14:31. The maximum penalty for attempted manslaughter is 20 years at hard labor without benefit of parole, probation, or suspension of sentence. Appellant received a combined 25-year sentence at hard labor for the killing of one individual and the attempted killing of a second, leaving her severely and permanently disabled. These sentences are not a constitutional abuse of discretion. The sentences imposed by the trial court are affirmed.
AFFIRMED.
BROWN, J., concurs with written reasons.
BROWN, Judge, concurring.
I agree that the sentence imposed was deserved and clearly supported by the trial court. The attempt by the guidelines, however, to designate sentences in a "typical" criminal homicide is unrealistic. Is it "atypical" that an estranged husband, while drinking, kills his wife with a gun during a holiday and with people in other parts of the house? In any criminal act causing death, the results are emotionally significant. The sentencing range suggested by the guidelines fails to account for the value of life. The guidelines are not mandatory and even in a "typical" case can be rejected.
Before MARVIN, SEXTON, BROWN, STEWART and WILLIAMS, JJ.

ON REHEARING
PER CURIAM.
Appellant correctly points out that we misstated the maximum penalties for manslaughter and attempted manslaughter in effect at the time of these offenses. We nevertheless conclude that the consecutive sentences imposed by the trial court are not excessive.