957 So.2d 345 (2007)
STATE of Louisiana, Appellee
v.
Johnny WILSON, Appellant.
No. 42,075-KA.
Court of Appeal of Louisiana, Second Circuit.
May 9, 2007.
*347 Larry English, Shreveport, for Appellant.
J. Schuyler Marvin, District Attorney, John Michael Lawrence, Joseph Andrea Gregorio, Assistant District Attorneys, for Appellee.
Before WILLIAMS, CARAWAY and LOLLEY, JJ.
LOLLEY, J.
This criminal appeal by defendant, Johnny Wilson, Jr., arises from the 26th Judicial District Court, Parish of Bossier, State of Louisiana. In accordance with a plea agreement, Wilson pled guilty to two counts of attempted forcible rape, in violation of La. R.S. 14:42.1 and La. R.S. 14:27. The trial court sentenced Wilson to 20 years at hard labor on each count, with the sentences to be served consecutively. After granting a timely filed motion to reconsider sentence, the trial court ordered five years of the second 20-year sentence to be served concurrently with the first and the remaining 15 years being served consecutively. Wilson now appeals alleging an excessive sentence. For the following reasons, we affirm Wilson's convictions and remand the matter to the trial court for resentencing.

FACTS
Wilson lived with his wife of three years, Louella, three stepdaughters, and two sons. In February 2003, Louella found out that Wilson had been sexually molesting her oldest daughter and notified the police. On April 7, 2003, Wilson was indicted with two counts of Aggravated Rape of a Juvenile, four counts of Second Degree Cruelty to a Juvenile, and one count of Aggravated Second Degree Battery. On January 6, 2006, as part of a plea agreement Wilson pled guilty to two counts of the reduced charge of attempted forcible rape, with all other charges being dismissed. The trial court sentenced Wilson to 20 years at hard labor on each count, with the sentences to be served consecutively. On a motion to reconsider sentence, the trial court ordered five years of the second 20-year sentence to be served concurrently and the remaining 15 years to be served consecutively.

LAW AND DISCUSSION

Sentencing
In his sole assignment of error, Wilson argues that his sentence is excessive in that his actions arose out of a single course of conduct, and that he had no prior criminal history. Wilson further points out that he was the stepfather of the victims, lived with the victims, and was responsible for the majority of their care. The state argues that this sentence is not excessive given the facts involved and that Wilson received a great benefit in his sentencing exposure as a result of the plea agreement. We agree.
The trial court shall exercise its sentencing discretion to impose sentences according to the individualized circumstances of the offense and the offender. State v. Rogers, 405 So.2d 829, 831 (La. 1981). The trial court has broad discretion to sentence within the statutory limits, and the appellate court will not set aside a sentence as excessive absent a showing of manifest abuse of discretion. State v. Hardy, 39,233 (La.App.2d Cir.01/26/05), 892 So.2d 710, 712-713.
*348 Concurrent sentences arising out of a single course of conduct are not mandatory. State v. Pickett, 25,315 (La. App.2d Cir.12/10/93), 628 So.2d 1333, writ denied, XXXX-XXXX (La.05/20/94), 637 So.2d 476; State v. Nelson, 467 So.2d 1159 (La. App. 2d Cir.1985). Consecutive sentences under certain circumstances are not necessarily excessive. State v. Ortego, 382 So.2d 921 (La.1980), cert. denied, 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58 (1980).
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688, 698 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.06/24/98), 715 So.2d 641, 643. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049, 1051-52 (La.1981); State v. Haley, 38,258 (La. App.2d Cir.04/22/04), 873 So.2d 747, 753, writ denied, 2004-2606 (La.06/24/05), 904 So.2d 728.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276, 1280 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288, 291 (La.1985).
As a result of the plea agreement, Wilson pled guilty to the reduced charge of aggravated rape with the dismissal of all other pending charges. After Wilson entered his guilty plea, a presentence investigation ("PSI") was ordered. According to the PSI, the oldest child related that Wilson had anal sex with her on two occasions. The youngest child indicated Wilson had penetrated her vagina digitally, but seemed confused about what exactly happened. The victims were nine and five years old at the time of the incidents. The middle daughter denied any abuse. In an interview with investigators, Wilson admitted performing anal sex on his oldest step-daughter on one occasion.
At the sentencing hearing, Louella testified regarding the trauma she and her children endured and her desire that Wilson be sentenced "a long, long time to sit down and think about what he done and what he put me and my kids through because I have to deal with this for the rest of my life with my kids." Louella did acknowledge going to the district attorney at one time to drop the charges, but she testified it was because she was being "manipulated" by Wilson's family and not because she did not believe he had committed a crime. Wilson, his mother and father testified during the sentencing hearing that Wilson and his family assisted Louella with her children and that Wilson had no prior convictions.
At the conclusion of the sentencing hearing, the trial court noted that the only information contained in the PSI favorable to Wilson was the fact that he had no *349 prior criminal history. According to the trial court, "the rest of [the PSI] was kind of like reading a horror story." The trial court stated that Louella alleged she and the children had been the victims of abuse for many years, suffering whippings with extension cords. The victims' bodies bore scars from the whippings. Wilson alleged he acted in self-defense because Louella "was crazy." The trial court also noted that Wilson's original sentencing exposure was life imprisonment, and he received a substantial benefit in the reduction of the sentencing exposure as a result of the plea agreement. The trial court further noted that Wilson still denied his guilt and showed no remorse whatsoever for his actions against the innocent young children.
In reviewing the guidelines in La. C. Cr. P. art. 894.1, the trial court found that: there would be an undue risk that Wilson would commit another crime during a period of suspended sentence or probation; Wilson was in need of a custodial environment that could be provided most effectively at a custodial institution; and, a lesser sentence would deprecate the seriousness of the crimes. As aggravating conditions, the trial court determined that Wilson's actions had caused significant permanent injury; that Wilson knew or should have known that the victims were particularly vulnerable or incapable of resistance due to their extreme youth; and, that Wilson's conduct manifested deliberate cruelty to the victims. Although Wilson made much of the fact that being the children's caretaker was a mitigating factor, the trial court found that Wilson used his status as a stepfather to facilitate the commission of the offenses.
After a brief hearing on Wilson's motion to reconsider, the trial court agreed to modify Wilson's sentence and five years of the second 20-year sentence were ordered to run concurrent with the first 20-year sentence. Thus, a review of the record indicates that the trial court was fully aware of sentencing considerations of La. C. Cr. P. art. 894.1 and within the guidelines when it sentenced Wilson to two consecutive 20-year sentences, five years to run concurrent.
The 20-year sentences for the two counts of attempted forcible rape are not grossly disproportionate to the seriousness of the offenses, nor do they constitute needless infliction of pain and suffering. Wilson took advantage of his position as a stepfather to commit heinous criminal acts against children who were unable to defend themselves. Clearly, he has left his family with a lifetime of physical and emotional scars; the very same family members he claimed to care for. The sentence does not shock our sense of justice. Wilson was subject to greater penalties had the state proceeded with the original charges brought against him. The trial court did not abuse its discretion in imposing consecutive sentences, five years to run concurrent. Accordingly, the sentence is not excessive.

Errors Patent
We note that the record reveals several errors patent. An appellate court may notice sentencing errors as error patent. State v. Williams, XXXX-XXXX (La.11/28/01), 800 So.2d 790. According to La. R.S. 14:42.1(B), when the trial court imposes sentence for forcible rape, "[a]t least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence." Louisiana R.S. 14:27(D)(3) limits the maximum term for an attempted offense to one-half of the maximum term for the base offense. Sentences imposed in accordance with this statute should be imposed "in the same manner" as the offense attempted.
When a trial court fails to order service of sentence without benefits in *350 a case in which an indeterminate time period to be so served is mandated by the statute of conviction, it is "necessary for the appellate court to remand the matter to the trial court for re-sentencing." This is required because the exercise of judicial discretion is needed to tailor the sentence to the individual defendant and because a defendant is not entitled to an illegally lenient sentence. La. R.S. 15:301.1(A); State v. Williams, supra. Here, the trial court failed to specify what portion of Wilson's sentence would be served without benefit of probation, parole, or suspension of sentence. Therefore, the matter will be remanded for the trial court to specify what portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence.
In addition, although Wilson received proper La. C. Cr. P. art. 930.8 advice at the original sentencing, at the conclusion of the hearing on Wilson's motion to reconsider sentence, the trial court failed to "re-advise" Wilson of the time delays for filing an application for post-conviction relief. In an abundance of caution, by way of this opinion, we now advise Wilson that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C. Cr. P. arts. 914 and 922.
The record also reveals that Wilson failed to designate the record when filing his motion for appeal. Wilson's motion for appeal states it is being filed in accordance with La. C. Cr. P. art. 914 and 914.1; however, no designation of record was made. Despite this failure, the record as submitted is sufficient to review Wilson's assigned errors. La. C. Cr. P. art. 914.1.

CONCLUSION
For the foregoing reasons, Wilson's convictions are affirmed and the matter is remanded to the trial court for re-sentencing in accordance with La. R.S. 14:42.1 and La. R.S. 14:27(D)(3).
AFFIRMED IN PART; REMANDED FOR RE-SENTENCING.