997 So.2d 743 (2008)
STATE of Louisiana, Appellee,
v.
Dramont TURKS, Appellant.
Nos. 43,578-KA, 43,579-KA.
Court of Appeal of Louisiana, Second Circuit.
November 5, 2008.
*745 Bertha M. Hillman, Thibodaux, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, Robert R. Smith, Assistant District Attorney, for Appellee.
Before WILLIAMS, GASKINS and LOLLEY, JJ.
*746 WILLIAMS, J.
The defendant, Dramont Turks, was indicted by a Bossier Parish grand jury for first degree murder and charged by bill of information with first degree feticide. As a result of a plea agreement with the state, the defendant pled guilty to attempted first degree murder, a violation of LSA-R.S. 14:27 and LSA-R.S. 14:30 A(1), and first degree feticide, a violation of LSA-R.S. 14:32.6. The plea agreement included reduction of the original charge, no multiple offender billing, dismissal of other pending charges and a 10-year cap on the first degree feticide charge. The trial court subsequently sentenced the defendant to serve 50 years at hard labor without benefit of probation, parole and suspension of sentence for the attempted first degree murder conviction and 10 years at hard labor for the first degree feticide conviction. The sentences were ordered to be served consecutively. A timely motion for reconsideration of sentence was denied. This appeal followed. For the following reasons, we affirm the defendant's convictions and sentences.

FACTS
On February 18, 2006, the defendant, Dramont Turks, went to the home of Donald Dobbins in Plain Dealing, Louisiana. Mr. Dobbins allowed the defendant to enter his home. Once he was inside, the defendant, who was armed with a shotgun, fired shots at Gantry Debose, a visitor at the home. Debose was injured as a result of the shooting. The defendant left the house and went to the house next door, yelling for Toni Neal, his former girlfriend and the mother of his young son. Neal ran from the house in an attempt to elude the defendant. The defendant pursued Neal into the backyard of the house, where her escape was blocked by a fence. When Neal fell to the ground, the defendant shot her in the face with the shotgun. Neal was three months pregnant at the time she was shot. Both Neal and the unborn child died as a result of the shooting. After shooting Neal, the defendant fled the scene by running into the woods behind the house. The defendant was eventually captured and charged in connection with the shootings.
The defendant was originally charged with first degree murder, attempted first degree murder, first degree feticide, aggravated burglary, convicted felon in possession of a firearm and resisting an officer. As a result of a plea agreement, the defendant pled guilty to attempted first degree murder and first degree feticide. The other pending charges were nol prossed. In addition to the dismissal of the other pending charges, the state agreed to a 10-year sentencing cap for the first degree feticide charge, and not to file a habitual offender bill of information against the defendant. The trial court ordered a presentence investigation ("PSI") report. Thereafter, the defendant was sentenced to serve 50 years at hard labor without benefit of parole, probation or suspension of sentence for the attempted first degree murder conviction and 10 years at hard labor for the first degree feticide conviction. The trial judge ordered the sentences to be served consecutively. The defendant filed a motion to reconsider sentence, which was denied by the trial court. This appeal followed.

DISCUSSION
The defendant contends his sentences are excessive. He argues that the trial court erred in denying his motion to reconsider sentence. More specifically, the defendant contends the trial court failed to consider his difficult, troubled upbringing and that he was remorseful for his actions. Additionally, the defendant argues that his *747 sentences should be served concurrently rather than consecutively as they were a part of the same act or occurrence. The defendant also argues that there were not sufficient aggravating circumstances present to warrant the sentence imposed.
However, the state argues that the sentences imposed are not excessive in that the defendant received a great benefit as a result of his plea agreement which reduced his sentencing exposure. The state argues that the trial judge carefully considered the appropriate factors in determining the defendant's sentences. With regard to the consecutive nature of the defendant's sentences, the state contends the trial court considered the defendant's argument that the sentences should have been ordered to be served concurrently, but it properly denied the motion to reconsider sentence, noting the "heinous and brutal" nature of the crimes.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance, so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890. The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows, as it does here, an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with LSA-C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La.App.2d Cir.1/28/04), 865 So.2d 284, writs denied, XXXX-XXXX (La.3/11/05), 896 So.2d 57 and 2004-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La. App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, XXXX-XXXX (La.9/28/07), 964 So.2d 351; State v. Jones, 33,111 (La. App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Shirley, 41,608 (La. App.2d Cir.12/13/06), 945 So.2d 267; State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, this court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939; State v. Lingefelt, 38,038 (La.App.2d Cir.1/28/04), 865 So.2d 280, writ denied, 04,057 (La.9/24/04), 882 So.2d 1165.
A substantial advantage obtained by means of a plea bargain, such as a reduction of the charge where the evidence shows the offender is guilty of the more *748 serious offense originally charged, is a legitimate consideration in sentencing. State v. Burgess, 42,310 (La.App.2d Cir.9/12/07), 965 So.2d 621; State v. Ross, 35,552 (La.App.2d Cir.2/27/02), 811 So.2d 176.
A judgment directing that sentences arising from a single course of conduct be served consecutively requires particular justification from the evidence or record. When consecutive sentences are imposed, the court shall state the factors considered and its reasons for the consecutive terms. State v. Boudreaux, 41,660 (La.App.2d Cir.12/13/06), 945 So.2d 898; State v. Mitchell, 37,916 (La.App.2d Cir.3/3/04), 869 So.2d 276, writ denied, 04-0797 (La.9/24/04), 882 So.2d 1168; State v. Maxie, 30,877 (La.App.2d Cir.8/19/98), 719 So.2d 104.
Among the factors to be considered are the defendant's criminal history, State v. Ortego, 382 So.2d 921 (La.1980), cert. denied, 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58 (1980); State v. Jacobs, 493 So.2d 766 (La.App. 2d Cir.1986); the gravity or dangerousness of the offense, State v. Adams, 493 So.2d 835 (La.App. 2d Cir. 1986), writ denied, 496 So.2d 355 (La.1986); the viciousness of the crimes, State v. Clark, 499 So.2d 332 (La.App. 4th Cir.1986); the harm done to the victims, State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir. 1983), writ denied, 435 So.2d 433 (La. 1983); whether the defendant constitutes an unusual risk of danger to the public, State v. Jett, 419 So.2d 844 (La.1982); the potential for defendant's rehabilitation, State v. Sherer, 437 So.2d 276 (La.1983); State v. Lighten, 516 So.2d 1266 (La.App. 2d Cir.1987); and whether defendant has received a benefit from a plea bargain, State v. Jett, supra; State v. Adams, supra. See also State v. Maxie, supra.
The jurisprudence cited in State v. Hampton, supra, concludes that the failure to articulate specific reasons for consecutive sentences does not require remand if the record provides an adequate factual basis to support consecutive sentences. State v. Boudreaux, supra. Concurrent sentences arising out of a single course of conduct are not mandatory. State v. Wilson, 42,075 (La.App.2d Cir.5/9/07), 957 So.2d 345; State v. Pickett, 25,315 (La.App.2d Cir.12/10/93), 628 So.2d 1333, writ denied, XXXX-XXXX (La.5/20/94), 637 So.2d 476. Consecutive sentences under certain circumstances are not necessarily excessive. State v. Ortego, supra; State v. Wilson, supra.
We first note that the defendant's 10-year sentence for first degree feticide was imposed in accordance with a plea agreement, and thus is not reviewable.[1] In an abundance of caution, we will nonetheless review the sentence.
The record reveals that the trial judge was cognizant of and considered the appropriate factors in determining the defendant's sentence. The trial judge read portions of the PSI into the record. The PSI included the facts of the offense, a victim's impact statement and the defendant's prior criminal history. The trial judge noted *749 that the defendant had continuously been in trouble most of his life, "with one felony following the other." The defendant, classified as a fifth felony offender, had prior convictions for aggravated burglary, residential burglary, assault by drive-by shooting, possession of a firearm by a convicted felon, attempted possession of cocaine, attempted possession of a firearm by a convicted felon and aggravated assault. The defendant's record included other arrests which did not ultimately lead to convictions. The defendant had previously received the opportunity to rehabilitate himself, but had performed poorly while under supervised release.
In regard to the consecutive nature of the defendant's sentences, while the trial judge did not specifically address why the sentences were imposed consecutively, the record is replete with considerations to support a factual basis for the imposition of the sentences. The trial judge noted that the defendant's prior criminal history, his murder of two victims, loss to the victims and their family, use of a dangerous weapon, the prior opportunities afforded to the defendant to rehabilitate himself and the benefit the defendant received as a result of his plea bargain. This record is sufficient to support the trial court's imposition of consecutive sentences. Further, we find that the trial court considered the appropriate factors in determining the defendant's sentences.
On the second prong of the excessiveness test, the court must determine whether a sentence violates LSA-Const. art. 1, § 20. A sentence will violate LSA-Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La. 1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La. 1992); State v. Robinson, 40,983 (La. App.2d Cir.1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
We find no error in the sentences imposed upon this fifth felony offender, who derived a great benefit from his plea agreement. The defendant's potential sentencing exposure was reduced when the state agreed to allow the defendant to plead to a lesser charge, dismissed another pending charge and agreed not to file a habitual offender bill of information against him. Further, this defendant has received several opportunities to reform or rehabilitate himself but to no avail. The defendant has generally not been able to conform or adhere to the rules and regulations imposed by his release on probation or parole. During his periods of supervised release, the defendant has violated his release by committing other crimes. The defendant has continuously been involved in criminal activity and has persisted in arming himself with weapons despite the fact that he is a convicted felon. It is apparent that the defendant is greatly in need of correctional treatment in a custodial environment.
We conclude that the defendant's sentences are neither grossly out of proportion to the seriousness of the offenses nor are they nothing more than a purposeless and needless infliction of pain and suffering. The defendant shot and killed his former girlfriend, who was the mother of his young son, and permanently altered the lives of the victim's families. Based upon the nature of these offenses and this *750 defendant's criminal history, we find that the sentences imposed are not shocking to the sense of justice. The trial court did not abuse its discretion in sentencing this defendant. The sentences imposed are not constitutionally excessive. Therefore, the defendant's convictions and sentences are affirmed.
CONVICTIONS AND SENTENCES AFFIRMED.
NOTES
[1] Where a specific sentence or a sentencing cap has been agreed upon as a consequence of a plea bargain, a sentence imposed within the agreed range cannot be appealed as excessive, and there is no need for the trial judge to give reasons for the sentence as normally required by LSA-C.Cr.P. art. 894.1. State v. Bailey, 40,098 (La.App.2d Cir. 10/26/05), 914 So.2d 116, writ denied, XXXX-XXXX (La.9/22/06), 937 So.2d 377; State v. Smith, 39,719 (La.App.2d Cir.5/11/05), 903 So.2d 598. See also LSA-C.Cr.P. art. 881.2; State v. Young, 96-0195 (La. 10/15/96), 680 So.2d 1171; State v. Foster, 42,212 (La. App.2d Cir.8/15/07), 962 So.2d 1214; and State v. Burford, 39,801 (La.App.2d Cir.6/29/05), 907 So.2d 873.