DREW, J.
 

 I,Darrius Johnson appeals his sentence as excessive. We affirm.
 

 CHRONOLOGY
 

 On August 25, 2006, the defendant shot and wounded Anthony Landers, and shot and killed Frank Landers.
 

 Initially charged with one count of second degree murder and one count of attempted second degree murder, the defendant was allowed to plead guilty to one count of manslaughter and one count of aggravated battery. There was no agreed-upon sentence, nor was there an agreed-upon cap.
 

 The defendant was first sentenced to 28 years at hard labor on the manslaughter count, and five years at hard labor on the aggravated battery count, all to be served consecutively.
 

 Pursuant to a motion for reconsideration, the trial court vacated its original sentences, then sentenced the defendant to
 
 *568
 
 20 years at hard labor on the manslaughter count, and three years at hard labor on the aggravated battery count, all to be served consecutively. This is the sentence Johnson now appeals.
 

 EXCESSIVENESS
 

 Our law on reviewing allegedly excessive sentences is well settled.
 
 [1]
 

 12The record reflects that the trial court, at sentencing, noted:
 

 • its full consideration of the guidelines of La. C. Cr. P. art. 894.1;
 

 • the details of the presentence investigation;
 

 • that the defendant had been provoked, but responded with excessive force;
 

 
 *569
 
 • that the defendant had no previous felonies and only one previous misdemeanor on his criminal record;
 

 • that defendant was only 23 years old, and very likely would not commit any other crimes;
 

 |s* the significant criminal record of Anthony Landers at the time of the shooting;
 

 • that Frank Landers was intoxicated at the time of the shooting;
 

 • that the defendant did not warn Frank, nor allow him to flee; and
 

 • that both victims had been unarmed.
 

 In the context of considering consecutive or concurrent sentences, the trial court mentioned several factors taken into account: the viciousness, dangerousness, and gravity of the crime, and the harm done to the victims. The court concluded that, because there were two victims and two shootings, the defendant had committed two distinct acts which, together with the heinous nature of the crime, rendered consecutive sentences appropriate.
 

 Manslaughter is punishable by a maximum hard labor sentence of 40 years. Aggravated battery is punishable by not more than 10 years, with or without hard labor, and a fine of up to $5,000.00, or both.
 

 On this record, we do not find constitutional error in the defendant’s combined midrange sentence of 23 years at hard labor. We do not find that the sentences imposed are grossly disproportionate to the severity of the offenses, nor do we find that the sentences are shocking to our sense of justice.
 

 Defendant’s convictions and sentences are AFFIRMED.
 

 [1]
 

 . The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged.
 

 First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890,
 
 writ denied,
 
 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1.
 
 State v. Lanclos,
 
 419 So.2d 475 (La.1982);
 
 State v. Hampton,
 
 38,017 (La.App.2d Cir. 1/28/04), 865 So.2d 284,
 
 writs denied,
 
 2004-0834 (La.3/11/05), 896 So.2d 57
 
 and
 
 2004-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State
 
 v.
 
 Haley,
 
 38,258 (La.App.2d Cir.04/22/04), 873 So.2d 747,
 
 writ denied,
 
 2004-2606 (La.06/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Shumaker,
 
 41,547 (La.App.2d Cir. 12/13/06), 945 So.2d 277,
 
 writ denied,
 
 2007-0144 (La.9/28/07), 964 So.2d 351.
 

 Second, a sentence violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993);
 
 State
 
 v.
 
 Bo-nanno,
 
 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467 (La.1/15/02), 805 So.2d 166;
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Robinson,
 
 40,983 (La.App.2d Cir. 1/24/07), 948 So.2d 379;
 
 State v. Bradford,
 
 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
 

 A defendant’s lack of remorse is a proper sentencing consideration.
 
 State v. Birch,
 
 43,-119 (La.App.2d Cir.3/19/08), 979 So.2d 643;
 
 State v. Robinson,
 
 33,921 (La.App.2d Cir. 11/1/00), 770 So.2d 868.
 

 Concurrent sentences arising out of a single course of conduct are not mandatory.
 
 State v. Wilson,
 
 42,075 (La.App.2d Cir.5/9/07), 957 So.2d 345;
 
 State v. Pickett,
 
 25,315 (La.App.2d Cir. 12/10/93), 628 So.2d 1333,
 
 writ denied,
 
 1994-0348 (La.05/20/94), 637 So.2d 476. Consecutive sentences under certain circumstances are not necessarily excessive.
 
 State v. Ortego,
 
 382 So.2d 921 (La.1980),
 
 cert. denied,
 
 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58 (1980);
 
 State v. Wilson, supra.
 

 A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense.
 
 State v. Shirley,
 
 41,608 (La.App.2d Cir.12/13/06), 945 So.2d 267,
 
 writ denied,
 
 2007-1394 (La.4/4/08), 978 So.2d 321.
 

 Absent a showing of manifest abuse of that discretion we may not set aside a sentence as excessive.
 
 State v. Guzman,
 
 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158;
 
 State v. Lingefelt,
 
 38,038 (La.App.2d Cir. 1/28/04), 865 So.2d 280,
 
 writ denied,
 
 2004-0597 (La.9/24/04), 882 So.2d 1165.