I, BROWN, J.
Defendant, Justin Glen Sepulvado, pled guilty to possession of marijuana with intent to distribute in exchange for a sentencing cap of five years at hard labor. Thereafter, defendant was sentenced to five years at hard labor. On appeal, defendant’s lone assignment of error relates to the trial court’s La.C.Cr.P. art. 930.8 advisement that he had three years to apply for post-conviction relief. Defendant points out that the trial court failed to inform him when the time began to run. Defendant’s brief, prepared by counsel, concedes that there are no other non-frivo-lo’us issues to raise on appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). In brief, defendant’s counsel also provided a procedural history of the case and detailed various aspects of the case as required by State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241.
In accordance with Anders, Benjamin and Jyles, supra, defendant’s attorney sought to withdraw from the case. ■ Defendant’s attorney and this court notified defendant of his right to file a brief. The court’s notice, which was sent to defendant on September 30, 1999, informed defendant that he had thirty days in which to file a supplemental brief. This court has received no response from defendant.
We have reviewed the pleadings, the proceedings, the bill of information and all transcripts. The transcript reveals a factual basis for the guilty plea, that defendant was properly advised on his Constitutional rights and that he agreed to the sentencing cap of five years at hard labor. Because the sentence imposed was within the agreed upon sentencing cap, it cannot be appealed as excessive. La.C.Cr.P. art. 881.2(A)(2); State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171; State v. Rice, 26,478 (La.App.2d Cir.12/07/94), 648 So.2d 426, writ denied, 95-0431 (La.06/16/95), 655 So.2d 340.
li>,Our independent review disclosed no issues or rulings which arguably support an appeal. The. only error is an error patent regarding the La.C.Cr.P. art. 930.8 advisement.
The district court did not adequately advise Defendant that the prescriptive period for filing post-conviction relief does not begin to run until the judgment of conviction and sentence is final. Although this oversight is not grounds for reversal under La.C.Cr.P. art. 921, defendant must be adequately informed of the prescriptive period. Accordingly, the district court is directed to send appropriate notice in accordance with the newly-amended provisions of La.C.Cr.P. art. 930.8 (Acts 1999, Regular Sess., 1262) within 30 days of the rendition of this opinion. The district court is further ordered to file proof, in the record, that defendant received the notice. State v. Morvan, 31,511 (La.App.2d Cir.12/09/98), 725 So.2d 515, writ denied, 99-0186 (La.05/28/99), 743 So.2d 659.
Defendant’s conviction and sentence are affirmed. Appellant’s attorney’s motion to withdraw is granted.
AFFIRMED.