914 So.2d 116 (2005)
STATE of Louisiana, Appellee
v.
Barron Tommez BAILEY, Appellant.
No. 49,098-KA.
Court of Appeal of Louisiana, Second Circuit.
October 26, 2005.
Indigent Defender Board, by Pamela Smart, Louisiana Appellate Project, by W. Jarred Franklin J., for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, Marcus R. Patillo, Assistant District Attorneys, for Appellee.
Before BROWN, STEWART and PEATROSS, JJ.
STEWART, J.
The defendant, Barron Tommez Bailey, pled guilty to manslaughter and was sentenced to 35 years at hard labor. He now appeals his sentence. Finding that the sentence was within the range agreed upon as part of the plea agreement, we affirm.

FACTS
The defendant was indicted for the second degree murder of his wife, Chondrell F. Bailey, whom he shot during an argument. Under a plea agreement, he pled guilty to the reduced charge of manslaughter and to a charge of obstruction of justice to second degree murder in exchange for a sentencing range of 15 to 65 years for the two charges with a PSI and victim impact statements to be considered by the trial judge. The defendant received concurrent sentences of 35 years on the manslaughter *117 conviction and 5 years on the obstruction of justice conviction with credit for time served. This appeal involves only the manslaughter conviction, as the appeal from the obstruction of justice conviction has been dismissed due to no motion for appeal having been filed.

DISCUSSION
The defendant's appeal asserts that the agreed upon sentencing range was in excess of the statutory maximum. However, this argument is based on the obstruction of justice charge which is not at issue in this appeal from the manslaughter conviction. The defendant also asserts that the trial court erred in imposing a constitutionally excessive sentence in light of mitigating factors and in failing to articulate sufficient reasons to justify the sentence. We find no merit in these assignments of error.
A defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. La.C.Cr.P. art. 881.2(A)(2). Our case law similarly provides that where a specific sentence or cap has been agreed to as part of a plea bargain, a sentence imposed within the agreed upon range cannot be appealed as excessive. State v. West, 38,231 (La.App. 2d Cir.2/4/04), 865 So.2d 326; State v. Sepulvado, 32,967 (La.App. 2d Cir.4/5/00), 756 So.2d 663. Moreover, there is no need for the trial judge to give reasons for the sentence as normally required by La.C.Cr.P. art. 894.1. State v. Smith, 39,719 (La.App. 2d Cir.5/11/05), 903 So.2d 598.
The terms of the plea agreement were set forth in the record at the time of the plea. The defendant was properly advised of his constitutional rights, the minimum and maximum sentences that could be imposed for the charged offenses, and the sentencing range under the plea agreement. The defendant, who was represented by counsel, voiced his understanding and voluntarily entered his plea in accordance with the agreement. His sentence of 35 years was within the terms of the agreement and is not appealable. We also note that our review of the sentencing transcript and PSI convinces us that the sentence for this defendant, who murdered his wife, is not excessive.
For the reasons stated, the defendant's manslaughter conviction and sentence are affirmed.
AFFIRMED.
BROWN, C.J., concurs with written reasons.
BROWN, C.J., concurring.
I agree that the sentence imposed is clearly not excessive. Without question, defendant was guilty of murder. The reduction of the charge to manslaughter was a good deal. I disagree with the statement that an agreement existed that made the sentence unappealable. Defendant was indicted for second degree murder, a charge to which he pled not guilty. Thereafter, the state filed a bill of information charging defendant again with second degree murder and allowed defendant to plea guilty to manslaughter. At that time, the state filed another bill of information charging obstruction of justice to second degree murder, not manslaughter; defendant also pled guilty to the obstruction charge. The problem is that defendant was told that he faced a total of 80 years; however, if the obstruction charge was for manslaughter, rather than murder, as arguably it should have been, the maximum statutory combined penalty would have been 60 years. The next problem is that a "cap" of 65 years was agreed to by the state and defendant. A "cap" that equals *118 or exceeds the statutory maximum is no different than a simple guilty plea.
Additionally, there is absolutely nothing in the record to support an obstruction charge. At their home, defendant shot his wife, called his mother, and attempted or pretended to attempt to kill himself as the police arrived on the scene. However, no motion to quash was filed by the defense.
I would review the sentence and affirm. Although the methodology described above might appear disingenuous, it would not, in my view, affect the guilty plea or sentence. This, however, will probably be sorted out in a Post Conviction Relief Application.