978 So.2d 1182 (2008)
STATE of Louisiana, Appellee,
v.
Antwaine WILLIAMS, Sr., Appellant.
No. 42,969-KA.
Court of Appeal of Louisiana, Second Circuit.
March 19, 2008.
*1183 Louisiana Appellate Project by James E. Beal, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, C. Sherburne Sentell, III, Assistant District Attorneys, for Appellee.
Before WILLIAMS, STEWART and MOORE, JJ.
STEWART, J.
Defendant Antwaine Williams, Sr. was charged by bill of information with distribution of Schedule II controlled dangerous substance, cocaine, a violation of La. R.S. 40:967(A). The trial court imposed a sentence of 10 years of imprisonment at hard labor, two without benefit of probation, parole or suspension of sentence. The defendant now appeals, claiming that his sentence is excessive. Finding no reversible error, we affirm the trial court's decision.

FACTS
On September 13, 2006, the defendant sold two off-white rocks to a confidential informant for $40.00 as part of an undercover drug buy conducted by the Webster Parish Sheriff's Department. This transaction was captured on audio and video. Crime lab tests later determined the rocks to be cocaine.
The state charged the defendant with the offense of Distribution Of Schedule II controlled dangerous substance, namely cocaine, contrary to La. R.S. 40:967(A). As part of a plea bargain agreement, the state agreed to a sentencing cap of 15 years and not to charge the defendant as a habitual offender. The defendant pled guilty as charged as per the plea bargain agreement.
After reviewing the pre-sentence investigation report, the trial court sentenced the defendant to 10 years of imprisonment at hard labor, the first two of which were imposed without the benefit of probation, parole or suspension of sentence. The defendant filed a motion to reconsider the sentence, which was subsequently denied by the trial court. The defendant now appeals.

DISCUSSION
In his assignment of error, the defendant contends that a 10-year sentence, two without benefit of probation, parole, or suspension of sentence, is excessive in this case.
The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. La. C. Cr. P. art. 881.2(A)(2). Jurisprudence similarly provides that where a specific sentence or a sentencing cap has been agreed upon as a consequence of a plea bargain, a sentence imposed within the agreed range cannot be appealed as excessive if that right has not been specifically reserved, and there is no need for the trial judge to give reasons for the sentence as normally required by La. C. Cr. P. art. 894.1. State v. Bailey, 40,098 (La.App.2d Cir.10/26/05), 914 So.2d 116, writ denied, XXXX-XXXX (La.9/22/06), 937 So.2d 377; State v. Smith, 39,719 (La.App.2d Cir.5/11/05), 903 So.2d 598. See also State v. Burford, 39,801 (La.App.2d Cir.6/29/05), 907 So.2d 873.
The sentence imposed can neither be considered grossly disproportionate to the severity of the offense nor shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. Livingston, *1184 39,390 (La.App.2d Cir.4/6/05), 899 So.2d 733; State v. White, 37,815 (La.App.2d Cir.12/17/03), 862 So.2d 1123. In the present case, the sentence is only one-third of what would have been the defendant's maximum sentence exposure under the statute had the state not agreed to the sentencing cap.
The trial court in the present case considered the defendant's personal history, his criminal background and the circumstances of the case in determining the proper sentence under the plea agreement. The terms and conditions of the plea agreement were clearly set forth in the record at the time the plea was entered. The trial court properly advised the defendant of the minimum and maximum sentences that he could receive, the sentencing range under his plea agreement, and his constitutional rights. The defendant, who was represented by counsel, clearly expressed his understanding and voluntarily entered his plea pursuant to the plea agreement. His sentence of ten years is within the terms of the plea agreement and is not appealable.
If we were to examine the sentence for constitutional excessiveness, no error would be found. The defendant, a third felony offender with an extensive criminal history, obtained a substantial benefit from his plea bargain, which included that he would not be charged as a habitual offender. The sentence imposed is lawful and well below the 15-year sentencing cap.
Therefore, the defendant's argument is without merit.

CONCLUSION
For the reasons set forth above, the conviction and sentence are affirmed.
AFFIRMED.