STEWART, J.
 

 | iThe defendant, Michael Rhodes, Jr., pled guilty to felony grade theft pursuant to an agreement providing for a seven-year sentencing cap and no multiple offender bill. He received a sentence of five years at hard labor with credit for time served. Claiming excessiveness, the defendant now appeals. We affirm.
 

 FACTS
 

 The theft occurred on December 15, 2007, at Sandy’s Handy Shop in Minden, Louisiana, after business hours. The defendant went to the store and asked to use the telephone. The clerk, who was familiar with the defendant, allowed him to enter. Money from the cash register was on the counter. The defendant grabbed the money and stated, ‘You just got jacked.” He ran off with $576.99.
 

 After another store employee provided his name to the police, the defendant was arrested and charged with theft over $500. Though the defendant claimed that he took $428 from the store, he accepted a plea agreement and pled' guilty as charged. The plea agreement provided for a seven-year sentencing cap and no multiple offender bill. After considering a presen-tence investigation (“PSI”) report, the trial court sentenced the defendant to five years at hard labor with credit for time served. The trial court also ordered the
 
 *1050
 
 defendant, if paroled, to pay restitution in the amount of $576.99. After the denial of a motion to reconsider the sentence, the defendant appealed.
 

 | ¡.DISCUSSION
 

 The defendant’s excessive sentence argument is based on his claim that he took only $428, an amount that bears a sentencing range of up to two years under La. R.S. 14:67(B)(2). He complains that his sentence is more than double what it would have been if he had been convicted of stealing an amount less than $500. He also argues that the sentence, though entered pursuant to a plea agreement, is renewable due to the trial court’s failure to advise him that he had no right of appeal.
 

 A defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement that was set forth in the record at the time of the plea. La. C. Cr. P. art. 881.2(A)(2). Where a specific sentence or sentencing cap has been agreed upon as a consequence of a plea bargain, a sentence imposed within the agreed range cannot be appealed as excessive, and there is no need for the trial judge to give reasons for the sentence as normally required by La. C. Cr. P. art. 894.1.
 
 State v. Bailey,
 
 40,098 (La.App.2d Cir.10/26/05), 914 So.2d 116,
 
 writ denied,
 
 2006-0462 (La.9/22/06), 937 So.2d 377.
 

 However, in
 
 State v. Foster,
 
 42,212 (La.App.2d Cir.8/15/07), 962 So.2d 1214, the defendant was allowed to have his sentence reviewed for excessiveness even though he entered a guilty plea with a sentencing cap and the sentence imposed was within the cap. Because the trial court informed the defendant that by pleading guilty he would give up the right of appeal “except as to the amount of the sentence,” review for excessiveness was allowed. This court held that the defendant had a constitutional right of |3review under La. Const. Art. 1, § 19, because the right had not been “intelligently waived.”
 
 Id.
 

 The record shows that the plea agreement was explained prior to the defendant’s guilty plea. Pursuant to the agreement, the defendant was allowed to plead guilty to felony theft with a sentencing cap of seven years. The charge carries a penalty of imprisonment up to ten years, with or without hard labor, a fine of not more than $3,000, or both. La. R.S. 14:67(B)(1). Also, the defendant obtained the benefit of having a PSI ordered, and the state agreed not to file a multiple offender bill. The defendant agreed to these terms in entering his guilty plea.
 

 Contrary to his argument that he was not informed that he would have no right to appeal, the record shows that the trial court specifically advised the defendant of his rights, including the right to appeal, and that by pleading guilty he would be giving up these rights. The defendant indicated his understanding. Unlike the situation in
 
 Foster, supra,
 
 here the trial court did not qualify the explanation of the rights waived as a result of the guilty plea. Consequently, the defendant’s acknowledgment of understanding constituted an intelligent waiver of his right to appeal.
 

 In this case, a sentencing cap of seven years was agreed upon by the parties as part of the plea bargain. This cap is well within the statutory limits for the charged offense. The sentence of five years imposed by the trial court is within the cap. No basis exists for the defendant to appeal his sentence as excessive. La. C. Cr. P. art. 881.2;
 
 State v. Bailey, supra.
 

 _JjEven so, the five-year sentence is not constitutionally excessive. The record shows that the trial court was cognizant of and considered the appropriate factors in
 
 *1051
 
 determining the defendant’s sentence. It is neither grossly disproportionate to the severity of the offense nor shocking to the sense of justice. Though the defendant would have been subject to a lesser sentence if he had been convicted of stealing an amount less than $500, the fact remains that the defendant accepted the plea bargain and the benefits it provided in lieu of going to trial. We find no abuse of the trial court’s discretion in imposing this five-year sentence.
 

 CONCLUSION
 

 For the reasons explained, we affirm the defendant’s sentence.
 

 AFFIRMED.