PEATROSS, J.
 

 | defendant, Brandi Roshell Jones, was charged with one count of conspiracy to commit armed robbery and one count of armed robbery for an incident occurring on December 23, 2008. Defendant was also charged with one count of conspiracy to commit armed robbery and one count of armed robbery in connection with a separate incident occurring on December 1, 2008. After defendant entered a guilty plea to one count of armed robbery with a firearm, the remaining charges were dismissed. The trial court imposed an agreed upon sentence of 15 years at hard labor to be served without benefit of parole, probation or suspension of sentence. Defendant now appeals. For the reasons stated herein, Defendant’s sentence is affirmed.
 

 FACTS
 

 On December 23, 2008, Defendant and two female accomplices robbed Rhonda Naron and Terry Esswein, two employees of a Zales jewelry store, when the employees were attempting to make a deposit in a night deposit box at a Chase Bank in Monroe, Louisiana. During the robbery, Defendant and the two accomplices were
 
 *1067
 
 armed with a .9 mm handgun. When they were apprehended by the Monroe Police Department, they tried to flee the scene.
 

 As previously stated, with respect to the events of that evening, Defendant was charged with one count of conspiracy to commit armed robbery, in violation of La. R.S. 14:26 and 14:64, and one count of armed robbery, in violation of La. R.S. 14:64. The bill of information mentions that Defendant was armed with a pistol with respect to the armed robbery |2count but does not mention the firearm enhancement statute, La. R.S. 14:64.3, as a provision under which Defendant was charged. The bill also charges Defendant with one additional count each of conspiracy to commit armed robbery and armed robbery for a separate incident occurring on December 1, 2008.
 

 After initially entering a plea of not guilty to the charges in the bill of information, Defendant appeared before the trial court on April 20, 2009, and entered a guilty plea to one count of armed robbery committed with a firearm in exchange for the trial court dismissing the remaining charges pending against her and for an agreed upon minimum sentence of 15 years at hard labor. The following exchange took place between Defendant and the trial judge prior to his acceptance of the plea bargain agreement:
 

 BY THE COURT: You won’t offend me if you interrupt me, I promise you. On your form it should say, “I” and it’ll say “Brandi Jones,” hereby plead guilty to the crime of Armed Robbery. Is that correct?
 

 BY MS. JONES: Yes, sir.
 

 BY THE COURT: And that’s with a firearm, that’s why it’s fifteen years. You understand it goes from minimum of ten years to fifteen years when you have a firearm or dangerous weapon. Do you understand that?
 

 BY MS. JONES: Yes, sir.
 

 Additionally, prior to taking the plea, the trial judge asked the State for the applicable statute and penalty, to which the State replied as follows:
 

 Judge, 14:64 on the Armed Robbery and it’s not less than ten nor more than ninety-nine years and if a firearm is used then there’s an additional five year which has to be consecutive.
 

 |sAfter the court informed Defendant of all of her applicable constitutional rights and confirmed with Defendant that she knowingly and intelligently waived those rights, Defendant submitted a guilty plea. Defendant then waived the sentencing delays and the trial judge imposed sentence as follows:
 

 Okay. Then if you’re waiving the delays then I will go ahead and sentence you to the agreed upon sentence at this time. In count number one, Armed Robbery with a Firearm, as it’s charged, the court will sentence you to the agreed upon sentence of fifteen years at hard labor. That sentence is to be served without benefit of probation, parole or suspension of sentence and you are given credit for time served. The remaining charges are to be dismissed per plea and sentence.
 

 DISCUSSION
 

 Assignment of Enror 1 (verbatim).
 
 The sentence imposed in this proceeding is an indeterminate sentence.
 

 In Defendant’s sole assignment of error, she complains that the sentence imposed by the trial judge is indeterminate because she did not receive a distinct sentence for the armed robbery count followed by a separate sentence for the firearm enhancement and, instead, received one aggregate sentence of 15 years at hard labor. In support of her argument, Defendant cites this court’s opinions in
 
 State v. White,
 
 42,725 (La.App.2d Cir.10/24/07), 968 So.2d
 
 *1068
 
 901, and
 
 State v. Birch,
 
 41,979 (La.App.2d Cir.5/9/07), 956 So.2d 793.
 

 In both
 
 State v. White, supra,
 
 and
 
 State v. Birch, supra,
 
 the defendants were convicted by juries of armed robbery with a firearm and received sentences of 35 years at hard labor and 30 years at hard labor, respectively. In neither case did the trial judge specify what portion, if any, |4of the defendants’ sentences were imposed under La. R.S. 14:64.3. As this court stated in
 
 State v. Eason,
 
 43,788 (La.App.2d Cir.2/25/09), 3 So.3d 685, “the majority in
 
 White, supra,
 
 found the sentences to be indeterminate because of the trial court’s failure to impose the additional consecutive terms.” The circumstances involving Defendant in the present case, however, are clearly distinguishable.
 

 Defendant’s plea and sentencing transcript clearly shows that the trial judge imposed, during sentencing, the additional consecutive term required by La. R.S. 14:64.3. As the transcript excerpts above reflect, Defendant understood that she was pleading guilty to armed robbery with a firearm and that she was to receive the minimum sentence of 10 years for the armed robbery count along with an additional 5 years under La. R.S. 14:64.3 due to the use of a firearm.
 

 La. R.S. 14:64 defines the crime of armed robbery and provides a sentence of imprisonment at hard labor for not less than 10 and not more than 99 years without benefits. La. R.S. 14:64.3 is an enhancement provision which tacks on an additional 5 years at hard labor without benefits when the weapon used in the commission of armed robbery is a firearm. This additional 5 years is to be served consecutively to the sentence imposed under La. R.S. 14:64.
 

 The statutes under which Defendant was sentenced required her to be sentenced to a minimum of 10 years plus a consecutive sentence of 5 years at hard labor. The record reflects that her 15-year hard labor sentence includes the additional 5 years required under La. R.S. 14:64.3. Accordingly, we find that Defendant’s sentence of 15 years at hard labor without benefits is not an indeterminate sentence.
 

 CONCLUSION
 

 For the foregoing reasons, the sentence of Defendant, Brandi Roshell Jones, is affirmed.
 

 AFFIRMED.