PEATROSS, J.
 

 |1Defendant, Ronreeco Halley, was charged by grand jury indictment with first degree murder in violation of La. R.S. 14:30. He was subsequently charged, by bill of information, with armed robbery in violation of La. R.S. 14:64. Both charges were related to an incident that occurred in East Carroll Parish on November 26, 2007. The charge of first degree murder was later amended to second degree murder, a violation of La. R.S. 14:30.1.
 

 Defendant pled guilty to armed robbery and manslaughter in exchange for two undetermined sentences, each capped at 27 years, to be served concurrently. Defendant was sentenced to serve two concurrent 27-year sentences, without the benefit of parole, probation or suspension of sentence. A timely motion to reconsider sentence was denied and Defendant now appeals, challenging the trial judge’s refusal to allow him to present witnesses at the sentencing hearing and further arguing that his sentence is unconstitutionally excessive. For the reasons stated herein, the sentences of Defendant are affirmed.
 

 FACTS
 

 On November 29, 2007, Lake Providence police officers found 83-year-old Leon Newman dead in his apartment. Mr. Newman had been shot five times and was found sitting in a chair in his living room. Police investigators observed a trail of blood leading from the bedroom to the living room. The house was ransacked and the outside phone line was disconnected. After examining the blood trail, investigators concluded that Mr. Newman walked to the living room after being shot in his bed. The Rblood on the phone receiver suggested that he attempted to place a call before he died. The last number recorded on his caller ID was received at 8:24 p.m., indicating that the murder occurred sometime thereafter.
 

 The investigation revealed that Mr. Newman, aka “Uncle Tom,” sold small quantities of crack cocaine. Mr. Newman was known to keep “large amounts of money on his person” and to carry a handgun. Interviews by police investigators further revealed that a local gang was known for committing robberies in the Lake Providence area and that Defendant was a member of this gang. Police questioned several alleged members of the gang and discovered that Defendant, who was 16 years old at the time of the murder, had been involved in the robbery and murder of Mr. Newman. On February 7, 2008, Defendant turned himself in to the police,
 
 *1104
 
 but declined to make a statement. As previously stated, Defendant was initially charged with first degree murder, which was ultimately reduced to second degree murder, and armed robbery.
 

 Defendant initially pled not guilty by reason of insanity. Defendant claimed that he had suffered an episode of amnesia and did not recall the events of the night Mr. Newman was killed. Doctors Richard Williams and George Seiden discredited Defendant’s argument and found Defendant competent to stand trial and aware of the difference between right and wrong. Defendant also failed his drug screen and his bond was revoked.
 

 Defendant ultimately pled guilty to armed robbery and an amended charge of manslaughter and the parties agreed to a cap on Defendant’s sentencing exposure of two concurrent 27-year terms. The trial judge ^informed Defendant that the term for armed robbery would be served without the benefit of probation, parole or suspension of sentence. The trial judge ordered a presentence investigation (“PSI”).
 

 Defendant filed a “Motion for a Sentencing Hearing” and subpoenaed three witnesses to testify on his behalf. In consideration of the motion, the trial judge asked Defendant’s counsel to summarize the witnesses’ testimony. The judge indicated a preference to limit the proceedings to the PSI report and asked whether the witnesses were prepared to refute information contained therein.
 

 Defense counsel indicated that the witnesses were not interviewed during the PSI and they were likely to testify that Defendant was “a good student, an athlete, a promising young person,” and exhibited a “quiet, unassuming behavior.”
 

 The State stipulated to the witnesses’ testimony and the judge agreed to consider the alleged facts. Consequently, the judge declined Defendant’s request to have a separate sentencing hearing and the witnesses did not testify.
 

 Following the sentencing hearing, the trial judge stated that he reviewed the PSI report and weighed the aggravating factors against the mitigating circumstances. The judge found that the crime “manifested deliberate cruelty to the victim,” and involved multiple dangerous weapons. The victim was shot multiple times, and Defendant had shown “no remorse” for his participation in this heinous crime. In addition, the judge concluded that Defendant’s claim of amnesia was not supported by the evidence.
 

 |4The judge further noted that Defendant was 16 years old when the crime occurred and he was a “good student.” Nevertheless, because “an elderly man in his sleep was awakened by three young men” who shot him with “at least two guns,” the judge imposed the maximum sentence under the agreed-upon cap of two concurrent 27-year sentences. The sentence for armed robbery was ordered to be served without the benefit of probation, parole or suspension of sentence. This appeal ensued.
 

 DISCUSSION
 

 Assignment of Error No. One (verbatim):
 
 The Trial Court erred in refusing to allow Ronreeco Halley to present evidence at the sentencing hearing.
 

 Defendant argues that the trial judge erred when he refused to allow Defendant to present witnesses at the sentencing hearing. He asserts that the witnesses’ collective testimony was not covered by the PSI and they could have testified “as to mitigating circumstances which the Trial Court had to consider pursuant to La. C. Cr. Pr. Art. 894.1
 
 [sic
 
 ].”
 

 
 *1105
 
 In opposition, the State notes that “there is no allegation [... ] the information contained in the pre-sentence report [was] false or invalid.” Furthermore, although the judge did not permit Defendant’s witnesses to testify, the State stipulated to the substance of their testimony. The State submits that the hearing satisfied due process. We agree.
 

 When a sentence is based on a PSI, a defendant has a right to rebut any erroneous or inconsistent information provided therein, but “due process does not require a full-scale evidentiary hearing.”
 
 State v. Armstrong,
 
 557 So.2d 1160 (La.App. 2d Cir.1990),
 
 writ denied,
 
 |5564 So.2d 320 (La. 1990);
 
 State v. Parish,
 
 429 So.2d 442 (La. 1983);
 
 State v. Bosworth,
 
 360 So.2d 173 (La.1978).
 

 In the case
 
 sub judice,
 
 Defendant requested a sentencing hearing and moved to present character evidence through witnesses who were not interviewed by the author of the PSI report. The witnesses, therefore, were not prepared to rebut the report, but were character witnesses who would testify that Defendant was “a good student, an athlete, a promising young person,” and exhibited a “quiet, unassuming behavior.” The judge was not required to hear their testimony since it did not rebut the substance of the PSI investigation; however, the State stipulated to its substance and the trial judge agreed to consider the testimony.
 

 In light of the stipulation of the State and the trial judge’s consideration of the evidence, we conclude that due process was satisfied. Moreover, Defendant’s sentences were within the agreed-upon cap. La. C. Cr. P. art. 881.2(A)(2) prohibits a defendant from “seek[ing] review of a sentence imposed in conformity with a plea agreement.” There was no need for the trial judge to give reasons for the sentence as normally required by La. C. Cr. P. art. 894.1.
 
 State v. Scott,
 
 44,509 (La.App.2d Cir.8/19/09), 17 So.3d 1058;
 
 State v. Fizer,
 
 43,271 (La.App.2d Cir.6/4/08), 986 So.2d 243. This assignment is without merit.
 

 Assignment of Error No. Two (verbatim):
 
 The Trial Court erred in imposing a sentence herein that is unconstitutionally excessive.
 

 Defendant next argues that the 27-year sentences are unnecessarily harsh and that the trial judge should have used his discretion to impose a less severe sentence. We disagree.
 

 |fiLa. C. Cr. P. art. 881.2(A)(2) provides: The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
 

 As previously mentioned, where a specific sentence or a sentencing cap has been agreed upon as a consequence of a plea bargain, a sentence imposed within the agreed range cannot be appealed as excessive, and there is no need for the trial judge to give reasons for the sentence as normally required by La. C. Cr. P. art. 894.1.
 
 State v. Young,
 
 96-0195 (La.10/15/96), 680 So.2d 1171;
 
 State v. Foster,
 
 42,212 (La.App.2d Cir.8/15/07), 962 So.2d 1214.
 

 Since Defendant’s 27-year concurrent sentences are within the agreed-upon cap, we find this assignment of error to be without merit.
 

 CONCLUSION
 

 For the foregoing reasons, the sentences of Defendant, Ronreeeo Halley, are affirmed.
 

 AFFIRMED.