BROWN, Chief Judge.
LOn June 13, 2008, defendant, Tiray Edwards, who was 15 years old, and his 21-year-old cousin, Tarsa Cooley, committed a string of robberies that culminated in the murder of a store clerk. Jurisdiction of the juvenile court was divested following defendant’s indictment for first degree murder. La. Ch. C. art. 305. Pursuant to an agreement, defendant pled guilty to armed robbery with a firearm, in violation of La. R.S. 14:64 and 14:64.3. Second degree murder and attempted armed robbery counts were dismissed. The plea agreement required that defendant testify against Cooley and that defendant would be sentenced to 20 years at hard labor. He did testify and was sentenced to the agreed 20 years at hard labor. A motion to reconsider sentence was denied. Defendant now appeals his sentence. We affirm.

Facts

On June 13, 2008, defendant and his cousin, Tarsa Cooley, both armed with handguns, went to a Family Dollar Store in Shreveport, Louisiana. Defendant remained outside while Cooley entered the store and robbed a woman of her purse. *450 The female’s purse contained only four dollars. Cooley fired a round into the store as he fled. The two then targeted a Texaco station; however, the clerk locked the door before the robbers could gain entry. When Cooley discovered that the station was locked, he accosted a man at a gas pump and stole his car. As their last stop of the day, the pair went to Max’s Pawn Shop. While defendant waited in the car, Cooley went inside to rob the store clerk. Although the clerk made no threatening movements, Cooley shot and killed him. Cooley then fled the store without taking any money. To cover their getaway, defendant fired shots into the store’s windows.
|2On July 10, 2008, a grand jury indicted defendant for first degree murder. However, on September 28, 2010, defendant was charged by an amended indictment with one count of second degree murder, one count of armed robbery with a firearm (the Family Dollar Store incident) and one count of attempted armed robbery with a firearm (the Texaco station incident).
On . February 28, 2011, defendant pled guilty to the armed robbery with a firearm charge (the Family Dollar Store incident). In exchange for both defendant’s plea and his testimony against Cooley, the state agreed to dismiss the two remaining charges in the amended bill of indictment.
Additionally, the state and defendant agreed to a 20-year hard labor sentence. The trial court accepted defendant’s plea and deferred sentencing until after defendant testified at Cooley’s trial.[1]
On August 8, 2011, and in accordance with the plea agreement, the trial court sentenced defendant to 20 years at hard labor. On August 24, 2011, defendant filed a motion to reconsider sentence, wherein he alleged various reasons as to why his sentence was cruel, unusual and excessive. First, defendant claimed that his youthful age, his lack of development, maturity, and education, and the fact that he was acting under the undue influence of convicted felons and drug abusers warranted leniency. He asserted that the sentence was disproportionate to the gravity of the offense and his amount of participation. He claimed to be remorseful and contrite for his actions. In support of his motion, defendant attached a litany of |sletters written on his behalf by his family members and other members of the community.
The trial court conducted a hearing on the motion on March 27, 2018. Noting the severity of the crimes committed, the trial court concluded that defendant benefited greatly from the 20-year sentence provided in the plea agreement. Moreover, his sentence was a low range sentence for armed robbery, which provided for a hard labor term of not less than 10 years nor more than 99 years. The trial court denied the motion to reconsider sentence. Defendant timely appealed.

Discussion

In Miller v. Alabama, _ U.S. _, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), the U.S. Supreme Court declared unconstitutional mandatory life sentences without parole for all juvenile offenders. At the time of the plea negotiations, guilty plea, and sentence in the instant case, Miller, supra, had not yet been decided by the Supreme Court. Thus, at that time, defendant was facing a mandatory life sentence without parole under the second degree murder statute, making the 20-year hard labor sentence in the plea offer seem reasonable. Defendant claims that the *451 Supreme Court’s subsequent holding in Miller, supra, caused the plea bargaining process in the instant matter to be unreasonable and/or subject to scrutiny such that defendant may now challenge the ex-cessiveness of his sentence.
Miller held that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for offenders under 18 years of age at the time of their crime. “By making youth (and all 14that accompanies it) irrelevant to imposition of that harshest prison sentence, such a scheme poses too great a risk of disproportionate punishment.” Miller, 132 S.Ct. at 2469. The Miller court further stated, “[Bjecause that holding is sufficient to decide these cases, we do not consider Jackson’s and Miller’s alternative argument that the Eighth Amendment requires a categorical bar on life without parole for juveniles ... Although we do not foreclose a sentencer’s ability to make that judgment in homicide cases, we require it to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison.” Id.
The Miller court clearly declined to categorically prohibit life-without-parole sentences for juveniles or alternatively to address whether Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), requires an absolute rule prohibiting such a sentence for those who did not kill or intend to kill. What Miller invalidated was mandatory life without parole statutes for offenders under 18 years of age.
Defendant’s argument that the United States Supreme Court’s holding in Miller, supra, rendered his plea bargaining process unreasonable is without merit. The Miller case does not categorically prohibit sentences of life imprisonment without the benefit of parole for juvenile offenders. Instead, it requires a sentencing court first to consider an offender’s youth and attendant characteristics before imposing life imprisonment without the possibility of parole. Thus, had defendant rejected the plea offer and been convicted at trial, he could have been sentenced to life imprisonment without Rparole, plus two additional 99-year without the benefit of parole sentences. As such, the plea bargaining process was not unreasonable. Furthermore, defendant pled guilty to armed robbery with a firearm, not to an offense that had a mandatory penalty of life without parole.
We again note that, as argued by defendant, the crime, plea and sentence in this case were all before the decision by the U.S. Supreme Court in Miller. As to a chance at resentencing for many individuals who were under 18 years of age and previously sentenced under the mandatory statutes, our supreme court has found that Miller's proscriptions are not retroactive. See State v. Tate, 12-2763 (La.11/05/13), 130 So.3d 829, 2013 WL 5912118.
In further challenging the sentence for excessiveness, the defense claims that the trial court did not consider the factors related to defendant’s age or fashion a developmentally appropriate sentence. At the time of the offenses, defendant was a teenager attending a Linwood Junior High School summer program in hopes to qualify for fall admission into Fair Park High School. Defendant’s mother had arranged for him to stay with cousins during the summer school week and return home on the weekends. Although he accompanied Cooley in the string of armed robberies and murder, defendant claims his role was minor.
Where a specific sentence or a sentencing cap has been agreed upon as a *452 consequence of a plea bargain, a sentence imposed within the agreed range cannot be appealed as excessive, and there is no need for the trial judge to give reasons for the sentence as normally required by La. C. Cr. P. art. 894.1. State v. Turks, 43,578 (La.App.2d Cir.11/05/08), 997 So.2d 748; State v. Bailey, 40,098 (La.App.2d Cir.10/26/05), 914 So.2d 116, writ denied, 06-0462 (La.09/22/06), 937 So.2d 377.
A defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. La. C. Cr. P. art. 881.2(A)(2). In the case sub judiee, the court told defendant that he could not appeal his sentence.
Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than 10 years and for not more than 99 years, without benefit of parole, probation, or suspension of sentence. La. R.S. 14:64. An additional five years without benefits shall be imposed when a firearm is used in the armed robbery. La. R.S. 14:64.3.
Even if we considered the proportionality of the sentence, our review does not show that defendant’s 20-year sentence is excessive. By pleading guilty to armed robbery with a firearm, defendant avoided the possibility of what could have been for all practical purposes a lifetime in prison. Furthermore, defendant’s participation was not minor. In the armed robbery murder case defendant waited in the getaway vehicle they had just stolen from the gas station and then fired rounds into the windows of Max’s Pawn Shop to allow them time to escape. Defendant’s 20-year sentence was on the lower end of the penalty range for the crime of armed robbery. This assignment of error is merit-less.
We note that neither the trial court nor the state specifically mentioned the five-year sentence enhancement for use of a firearm provided by La. R.S. 14:64.3 at defendant’s guilty plea or sentencing hearing. Defendant clearly had notice of the penalty enhancement as he was charged under both La. R.S. 14:64 and 14:64.3. At the guilty plea hearing, it was stated that defendant was pleading guilty to armed robbery with a firearm. Although the enhancement was not specifically mentioned, defendant’s 20-year sentence would seemingly have included the five-year enhancement. See, State v. Jones, 45,034 (La.App.2d Cir.01/27/10), 30 So.3d 1066; State v. White, 42,725 (La.App.2d Cir.10/24/07), 968 So.2d 901 (Brown, J., concurring).
Finally, the trial court failed to order that defendant’s sentence was to be served without the benefit of parole, probation or suspension of sentence as required by La. R.S. 14:64 and 14:64.3. In instances where these statutory restrictions are not recited at sentencing, La. R.S. 15:301.1(A) deems that the required statutory restrictions are contained in the sentence, whether or not imposed by the sentencing court. State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790; State v. Turner, 46,683 (La.App.2d Cir.12/14/11), 82 So.3d 449, writ denied, 12-0165 (La.06/22/12), 91 So.3d 965. La. R.S. 15:301.1(A) self-activates the correction and eliminates the need to remand for a ministerial correction of an illegally lenient sentence which may result from the failure of the sentencing court to impose punishment in conformity with that provided in the statute. State v. Williams, supra.

Conclusion

Defendant’s conviction and sentence are affirmed.

. Cooley was convicted of second degree murder and sentenced to life without parole. State v. Cooley, 47,087 (La.App.2d Cir.05/16/12), 92 So.3d 1095, writ denied, 12-1395 (La.01/11/13), 106 So.3d 546.