STONE, J.
Pursuant to a plea agreement, Artari P. Woods pled guilty to one count of distribution of marijuana, in violation of La. R.S. 40:966(A)(1). As per the agreement, the trial court sentenced Woods to 15 years at hard labor, 7 years of which were suspended and 5 years of probation. Woods now appeals his conviction and sentence. Woods' appellate counsel has filed a motion to withdraw, together with a brief pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967), *612 asserting there are no nonfrivolous issues upon which to base an appeal. For the following reasons, appellate counsel's motion to withdraw is granted, and Woods' conviction and sentence are affirmed.
FACTS
On May 24, 2016, Artari P. Woods sold marijuana and methamphetamine to a confidential informant in Desoto Parish. On January 27, 2017, Woods was charged by bill of information with three counts of distribution of marijuana, in violation of La. R.S. 40:966(A)(1), and two counts of distribution of methamphetamine, in violation of La. R.S. 40:967(A)(1). On April 12, 2017, Woods pled guilty to one count of distribution of Schedule I, controlled dangerous substance. The state agreed to a sentence of 15 years at hard labor, with 7 years suspended and 5 years of probation. In exchange for the guilty plea, the state dismissed the remaining charges and agreed to forgo habitual offender proceedings against Woods.
Prior to accepting the guilty plea, Woods was informed of and waived his rights in accordance with Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 2d 274 (1969). Woods stated the plea was made without threats, promises, or inducement of any kind, and confirmed the factual basis for the plea given by the state as noted above. Thereafter, the trial court accepted Woods' plea as being knowingly, intelligently, and voluntarily made. Woods waived sentencing delays and the trial court imposed the agreed upon sentence of 15 years at hard labor, with 7 years suspended and 5 years of probation. The trial court ordered Woods to complete substance abuse treatment and allowed Woods credit for time served. The trial court did not specifically inform Woods that he was waiving his right to appeal the conviction and sentence imposed in conformity with a plea agreement and Woods did not reserve his right to review his sentence or the plea agreement.
Woods filed a "Notice of Intent to seek direct appeal and request that this court set defendant's filing deadline with the 2nd Circuit Court of Appeal," which the trial court granted on August 23, 2017. The Louisiana Appellate Project was appointed to represent Woods for his out-of-time appeal.
On November 28, 2017, Woods' appointed appellate counsel filed a motion to withdraw, together with an Anders brief, alleging he could find no nonfrivolous issues to raise on appeal. See, Anders, supra ; State v. Jyles , 1996-2669 (La. 12/12/97), 704 So.2d 241 ; State v. Mouton , 1995-0981 (La. 04/28/95), 653 So.2d 1176 ; and State v. Benjamin , 573 So.2d 528 (La. App. 4 Cir. 1990). The brief reviewed the procedural history of the case as well as the terms of the plea agreement and stated that after a thorough review of all the pleadings filed in the trial court, the court proceedings, and all transcripts contained in the record, no nonfrivolous issues could be advanced for appellate review. Furthermore, appellate counsel verified that copies of the motion to withdraw and Anders brief were properly mailed to Woods, in accordance with Anders , Jyles , Mouton , and Benjamin . Woods was notified of his right to file a pro se brief on his own behalf. However, he failed to submit a brief.
DISCUSSION
Under both state and federal jurisprudence, an unqualified plea of guilty waives all nonjurisdictional defects occurring prior thereto and constitutes an intelligent waiver of appellate review of the merits of the prosecution's case against a defendant. State v. Spain , 329 So.2d 178 (La. 1976) ; State v. Crosby, 338 So.2d 584 (La. 1976) ; State v. Hardy , 39,233 (La. App. 2 Cir. 1/26/05), 892 So.2d 710. In *613 reviewing appeals from pleas of guilty, our review is limited to jurisdictional defects which appear on the face of the pleadings and proceedings. State v. Spain , supra.
After a thorough review of the record, we agree with appellate counsel that there are no nonfrivolous issues to be raised on appeal. Woods was properly charged by a bill of information which was signed by an assistant district attorney. He was present in court and represented by counsel at all pertinent stages of the proceedings. The trial court advised Woods of the nature of the charges against him, the consequences of guilty pleas, and the sentencing ranges he would have been exposed to had he not entered into the plea agreement, including the terms of probation that would be imposed. The record shows that prior to entering his guilty plea, Woods was properly advised of his Boykin rights, understood the plea agreement, and was not forced, coerced, or threatened into entering his guilty pleas. The trial court sentenced Woods in accordance with the plea agreement, and thus, Woods is precluded from seeking review of that sentence. La. C. Cr. P. art. 881.2(A)(2) ; State v. Halley , 46,296 (La. App. 2 Cir. 8/10/11), 70 So.3d 1102 ; State v. Fizer , 43,271 (La. App. 2 Cir. 6/4/08), 986 So.2d 243 ; State v. Bailey , 40,098 (La. App. 2 Cir. 10/26/05), 914 So.2d 116, writ denied , 06-0462 (La. 9/22/06), 937 So.2d 377.
CONCLUSION
For the foregoing reasons, the motion to withdraw is granted, and Woods' conviction and sentence are affirmed.
MOTION TO WITHDRAW GRANTED; CONVICTION AND SENTENCE AFFIRMED.